**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| FLORIDA TRANSFORMER LLC D/B/A<br>EMERALD TRANSFORMER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:26-CV-78 (LAG) |
| | : | |
| DANIEL W. SODREL AND STEVENSON | : | |
| TRUCKING, LLC, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## <u>ORDER</u>

Before the Court is Plaintiff's Motion for Temporary Restraining Order (TRO) (Doc. 5). Plaintiff, Florida Transformer LLC d/b/a Emerald Transformer filed a Complaint (Doc. 1) and a Motion for TRO (Doc. 5) on June 11, 2026. The Court previously issued an Order setting an in-person evidentiary hearing in this matter.[1] (Doc. 6).

When reviewing the Motion for TRO, the Court considers: (1) the likelihood of success on the merits, (2) whether irreparable harm would result in the absence of an injunction, (3) whether the balance of equities favors granting the injunction, and (4) whether there are material adverse consequences to the public. *Mesa Air Group, Inc. v. Delta Air Lines, Inc.*, 573 F.3d 1124, 1128 (11th Cir. 2009) (citing *BellSouth Telecomms., Inc. v. MCImetro Access Transmission Svcs., LLC*, 425 F.3d 964, 968 (11th Cir. 2005)); *Four Seasons Hotels & Resorts v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003).

The Declaration of Stuart Prior (Doc. 5-2 at 1–4), CEO of Plaintiff's parent company, and the additional attachments to the Motion (Doc. 5-2 at 11–17) show that

---

[1]    In the Order setting the hearing, the Court noted that the docket did not reflect whether service had been perfected on either Defendant. (*Id.*). The docket now reflects that service was perfected upon Defendants on June 16, 2026. (Docs. 8, 9).

Defendants have made derogatory statements to Plaintiff's clients and have threatened to take further actions—including the destruction or diversion of customer's property—and make additional derogatory statements that would cause irreparable damage to plaintiffs goodwill, reputation, and customer trust. Accordingly, the Court finds that a temporary restraining order is appropriate to "protect[] against irreparable harm and preserve[] the status quo until a meaningful decision on the merits can be made." *Schiavo ex rel. Schindler*, 403 F.3d at 1297.

Plaintiff's Motion for TRO is **GRANTED** for a period of fourteen (14) days. It is hereby **ORDERED** that:

- Defendants, and all persons acting in concert or participation with them, are prohibited from transferring, moving, concealing, selling, scrapping, damaging, destroying, altering, or otherwise disposing of the Regulators or any other Emerald property in their custody, possession, or control;

- Defendants Sodrel, Stevenson Trucking, and all persons acting in concert or participation with them, shall cease and refrain from making or publishing false, misleading, or disparaging statements to Emerald's customers or prospective customers concerning Emerald, its services, its business practices, or the property at issue in this action;

- Defendants Sodrel, Stevenson Trucking, and all persons acting in concert or participation with them, shall cease and refrain from using or disclosing Emerald's confidential, proprietary, or customer information obtained through unlawful means.

It is further **ORDERED** that this temporary restraining order shall be effective upon Plaintiff filing a nominal security bond in the amount of $100.00.

The Court will hold a preliminary injunction in-person hearing on **Tuesday, June 30, 2026**.

**SO ORDERED**, this 16th day of June, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**

2

3

**UNITED STATES DISTRICT COURT**

3