**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| FLORIDA TRANSFORMER LLC D/B/A EMERALD TRANSFORMER, | : : : | |
| Plaintiff, | : : | |
| v. | : : | CASE NO.: 1:26-CV-78 (LAG) |
| DANIEL W. SODREL AND STEVENSON TRUCKING, LLC, | : : : | |
| Defendants. | : : | |

## ORDER

Before the Court is Plaintiff's Motion for Temporary Restraining Order (TRO) (Doc. 5). Plaintiff, Florida Transformer LLC d/b/a Emerald Transformer filed a Complaint (Doc. 1) and a Motion for TRO (Doc. 5) on June 11, 2026. The Court previously issued an Order setting an in-person evidentiary hearing in this matter.[1] (Doc. 6). Subsequently, the Court reviewed and granted the Motion for TRO on June 16, 2026, and scheduled a preliminary injunction hearing to be held on Tuesday, June 30, 2026. (Doc. 11). In granting the TRO, the Court made the following findings:

> The Declaration of Stuart Prior (Doc. 5-2 at 1–4), CEO of Plaintiff's parent company, and the additional attachments to the Motion (Doc. 5-2 at 11–17) show that Defendants have made derogatory statements to Plaintiff's clients and have threatened to take further actions—including the destruction or diversion of customer's property—and make additional derogatory statements that would cause irreparable damage to plaintiffs goodwill, reputation, and customer trust. Accordingly, the Court finds that a temporary restraining order is appropriate to "protect[] against irreparable harm and preserve[] the status quo until a meaningful decision on the

---

[1]     In the Order setting the hearing, the Court noted that the docket did not reflect whether service had been perfected on either Defendant. (*Id.*). The docket now reflects that service was perfected upon Defendants on June 16, 2026. (Docs. 8, 9).

merits can be made." *Schiavo ex rel. Schindler*, 403 F.3d at 1297.

(Doc. 11). The Court granted the TRO for a period of fourteen (14) days and ordered the following:

- Defendants, and all persons acting in concert or participation with them, are prohibited from transferring, moving, concealing, selling, scrapping, damaging, destroying, altering, or otherwise disposing of the Regulators or any other Emerald property in their custody, possession, or control;

- Defendants Sodrel, Stevenson Trucking, and all persons acting in concert or participation with them, shall cease and refrain from making or publishing false, misleading, or disparaging statements to Emerald's customers or prospective customers concerning Emerald, its services, its business practices, or the property at issue in this action;

- Defendants Sodrel, Stevenson Trucking, and all persons acting in concert or participation with them, shall cease and refrain from using or disclosing Emerald's confidential, proprietary, or customer information obtained through unlawful means.

(*Id.*).

Plaintiff's Counsel, Jason Beach, emailed the Court on Friday, June 26, 2026, indicating that he had been in contact with Defendants, who seek to continue the June 30, 2026, preliminary injunction hearing to allow for additional time for Defendant's Counsel to prepare. (*See* Email from Jason Beach, Plaintiff's Counsel, to Marcia Alvarez-Benavidez, Courtroom Deputy (Jun. 26, 2026 11:30 AM EDT) (on file with the Court)). Mr. Beach represents that Plaintiff does not object to an extension of time. (*Id.*). Mr. Beach further represents that Defendants consent to an extension of the TRO through and including the date of the continued hearing. (*Id.*).

Accordingly, for good cause show and to allow Defendant's Counsel sufficient time to prepare, the preliminary injunction hearing is **CONTINUED** to **Thursday, July 30, 2026**. It is hereby **ORDERED** that the TRO issued on June 16, 2026, shall remain in effect until and including July 30, 2026.

**SO ORDERED**, this 28th day of June, 2026.

2

3

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**