**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| FLORIDA TRANSFORMER LLC d/b/a EMERALD TRANSFORMER,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL W. SODREL and STEVENSON TRUCKING, LLC,<br><br>Defendants. | : | CASE NO.: 1:26-CV-78 (LAG) |

# ORDER

Before the Court is the Parties Joint Motion Related to Injunctive Relief (Doc. 19). Therein, the Parties ask the Court to convert its June 16, 2026, Order Granting Plaintiff's Motion for Temporary Restraining Order (Doc. 11) into a Preliminary Injunction. (*Id.*). The Parties represent that they "have engaged in discussions concerning the proposed injunctive relief, and they have reached an agreement concerning such relief." (*Id.* at 1–2). Furthermore, the Parties emailed the Court ahead of the filing of the motion indicating that the motion was forthcoming and indicating their intention to waive the Preliminary Injunction hearing scheduled for July 30, 2026. (*See* Email from Jason Beach, Counsel for Plaintiff, to Marcia Alvarez-Benavidez, Courtroom Deputy, (July 24, 2026, at 12:59PM EST) (on file with the Court)). Therefore, upon agreement of the parties and for good cause shown, it is **ORDERED** that:

(1) The Joint Motion Related to Injunctive Relief is **GRANTED**;

(2) For so long as this action is pending—unless leave of the Court is first obtained or unless a written agreement among the parties is first reached—Defendants, and all persons acting in concert or participation with them, are **PROHIBITED** from transferring, moving, concealing, selling, scrapping, damaging, destroying,

altering, or otherwise disposing of the Regulators (as such term is defined in Plaintiff's Complaint);

(3) Defendants and all persons acting in concert or participation with them, **SHALL CEASE AND REFRAIN** from making or publishing false, misleading, or disparaging statements to Plaintiff's customers or prospective customers concerning Plaintiff, its services, its business practices, or the property at issue in this action. Nothing contained in the foregoing sentence, however, shall be construed to prevent Defendants or any person affiliated with them from engaging in good-faith efforts and lawful means to investigate or pursue any alleged claim or liability, or collect any purported debt that any such party may have or believes that it may have against Plaintiff;

(4) Defendants and all persons acting in concert or participation with them, **SHALL CEASE AND REFRAIN** from using or disclosing Plaintiff's confidential, proprietary, or customer information, including without limitation, Plaintiff's customer list for any purpose;

(5) The Court **WAIVES** the requirement for entry of a bond as a prerequisite to the entry of this Preliminary Injunction;

(6) The parties may move to dissolve or modify this Preliminary Injunction at any time pursuant to Federal Rule of Civil Procedure 65(b);

(7) The Preliminary Injunction hearing scheduled for July 30, 2026, is **VACATED**;

(8) The Temporary Restraining Order previously entered on June 16, 2026 (Doc. 11) and extended by Court Order on June 28, 2026 (Doc. 14) is **VACATED**.

**SO ORDERED**, this 29th day of July, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**